UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Lisa Gonzales | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jeffrey Kobulnick | Cindy Chan |

**Proceedings:**     DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. #49, filed April 7, 2014)

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. #72, filed April 30, 2014)

## I.    INTRODUCTION

Plaintiff Lambert Corporation filed this action on February 4, 2013, against defendants LBJC, Inc., Steve Kim, Christine Kim, and Does 1 through 10. Dkt. #1. The complaint asserts the following claims: (1) copyright infringement, in violation of 17 U.S.C. §§ 501-02; (2) trademark infringement, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); (3) violation of the California Unfair Competition Law ("UCL"), 17 U.S.C. § 17200, et seq.; (4) common law unfair competition; and (5) declaratory relief. Id.  In brief, plaintiff and defendants are both in the business of selling apparel. This action arises from a dispute regarding the trademark and copyrights in two logos featuring a skull, which the parties have used on their respective apparel products.

Defendants filed a motion for summary judgment on April 7, 2014. Dkt. #49. Plaintiff filed an opposition on April 16, 2014, dkt. #61, and defendants replied on April 23, 2014, dkt. #70. Thereafter, plaintiff filed a motion for summary judgment on April 30, 2014, dkt. #72, which defendants opposed on May 23, 2014, dkt. #84. Plaintiff replied on June 2, 2014. Dkt. #94. The Court held a hearing on June 16, 2014. After considering the parties' arguments, the Court finds and concludes as follows.[1]

---

[1] Defendants object to certain evidence offered by plaintiff in connection with both of the present motions. Except as otherwise stated herein, those objections are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL 'O'

| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

## II. BACKGROUND FACTS THAT ARE NOT IN DISPUTE

Plaintiff Lambert Corporation ("Lambert" or "plaintiff") is a designer and wholesaler of men's and women's clothing. Plaintiff's Statement of Undisputed Facts ("PSUF") ¶ 1; Defendants' Statement of Genuine Disputes ("DSGD") ¶ 1. Lambert was formerly known as Joystick, Inc., until its name was changed in 2007. PSUF ¶ 2; DSGD ¶ 2. Judi Lambert is the owner and president of Lambert Corporation. PSUF ¶ 3; DSGD ¶ 3. Judi Lambert created the "Boy Skull" design (the "Lambert Skull") in 2004 for use on men's and women's apparel. PSUF ¶ 5; DSGD ¶ 5. The Lambert Skull is registered under United States Copyright Registration Number VA1-341-369, with a publication date of January 5, 2005, and an effective registration date of October 24, 2005. PSUF ¶ 7; DSGD ¶ 7; see also Lambert Decl. ¶ 22 (citing Compl. Ex. B). Plaintiff is the owner by assignment of the copyright for the Lambert Skull. PSUF ¶ 9; DSGD ¶ 9. The following image depicts the Lambert Skull:

FIGURE 1



Defendant LJBC, Inc. dba Laguna Beach Jeans Co. ("LBJC") is a clothing designer and retailer. PSUF ¶ 23; DSGD ¶ 23. Defendant Steve Kim is the president and owner of LBJC. Defendants' Statement of Undisputed Facts ("DSUF") ¶ 18; Plaintiff's Statement of Genuine Disputes ("PSGD") ¶ 18. Defendant Christine Kim is the wife of Steve Kim, but has never been involved in managing LBJC, has never been employed by

---

OVERRULED as moot because the Court does not rely on that evidence in concluding that genuine disputes of material fact exist, such that summary judgment is not appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL       'O'

| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

LBJC, and has never served as an officer or board member of LBJC. DSUF ¶¶ 20-21, 23; PSGD ¶¶ 20-21, 23. In or around March 2010, LBJC acquired the inventory of JLJ, Inc. ("JLJ"). DSUF ¶ 13; PSGD ¶ 13. After acquiring JLJ's inventory, LBJC sold it at "extremely discounted prices." DSUF ¶ 15; DSGD ¶ 15. LBJC currently has no remaining inventory of products bearing the LBJC Skull, and has no plans to produce or manufacture any new products bearing the same. DSUF ¶¶ 15, 17; PSGD ¶¶ 15, 17. A portion of the inventory acquired from JLJ included apparel bearing a skull design (the "LBJC Skull"). Id. The following image depicts the LBJC Skull:

FIGURE 2



On March 10, 2009, the LBJC Skull was registered on the Principal Register of the United States Patent and Trademark Office, with Registration Number 3,585,825 (the "'825 Trademark"). DSUF ¶ 8; PSGD ¶ 8.

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

### A. Personal Liability of Steve and Christine Kim

As a threshold matter, defendants contend that summary judgment should be granted as to defendants Steven Kim and Christine Kim. In this regard, defendants contend that the complaint's sole basis for holding Steve or Christine Kim liable in this action is that they are the alter egos of LBJC. And, according to defendants, plaintiff has not produced evidence to establish a genuine dispute of material fact as to whether Steve Kim and Christine Kim are alter egos of LBJC.

The Court finds that it need not resolve this issue because genuine issues of material fact exist as to whether Steve and Christine Kim are personally liable under other theories. First, the record contains evidence that Steve Kim may be personally liable based on his direct participation in the alleged copyright infringement, trademark infringement, and unfair competition. In this regard, "[a] corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." Committee for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 823 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

1996); see also Broadcast Music, Inc. v. McDade & Sons, Inc., 928 F. Supp. 2d 1120, 1133 (D. Ariz. 2013) (noting that "[t]he test for finding a corporate officer jointly and severally liable with his corporation for copyright infringement is whether the officer has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities"). Here, plaintiff provides evidence that the '825 Trademark was registered in Steve Kim's name, and not in the name of LBJC. Kim Decl., Ex. 1. Moreover, it is undisputed that Steve Kim is the owner and president of LBJC. Taken together, these facts are sufficient to create a genuine dispute of material fact as to whether Steve Kim is personally liable based on his authority to control the actions of LBJC. See Yost, 92 F.3d at 823.

Similarly, a genuine dispute of material fact exists regarding whether Christine Kim is personally liable for plaintiff's claims. Although it is undisputed that she has never been a board member, shareholder, or officer of LBJC, see DSUMF ¶ 21; PSGD ¶ 21, defendants acknowledge that Christine Kim has "appeared at a range of promotional events to support [Steve Kim], and has provided some minimal input in the design of some [LBJC] products." DSUMF ¶ 24. On this record, it would be premature to conclude that Christine Kim's involvement in the alleged copyright and trademark infringement was so insignificant as to rule out the possibility that she could be personally liable. For example, Christine Kim could be liable for contributory or vicarious infringement. See Perfect 10, Inc. v. Visa Intern. Serv. Ass'n, 494 F.3d 788, 807-808 (9th Cir. 2007). Accordingly, the Court finds that genuine issues of material fact exist as to whether Christine Kim is personally liable on plaintiff's claims.

### B. Plaintiff's Claim for Copyright Infringement

A copyright infringement claim has two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991).

    1. Plaintiff's motion

        a. Ownership of a valid copyright

As stated above, the parties do not dispute that plaintiff is the owner by assignment of the copyright in the Lambert Skull. However, defendants argue that plaintiff has not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**               'O'

| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

conclusively established that the copyright for the Lambert Skull is valid as a matter of law. The Court agrees. Registration of a copyright certificate constitutes a prima facie presumption of the validity of a copyright in judicial proceedings, where "registration [is] made before or within five years after first publication of the work." 17 U.S.C. § 410(c); see also United Fabrics Int'l, Inc. v. C & J Wear, Inc., 630 F.3d 1255, 1257 (9th Cir. 2011) ("A copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate.'" (quoting 17 U.S.C. § 410(c))); Three Boys Music Corp. v. Bolton, 212 F.3d 477, 488-89 (9th Cir. 2000) ("Registration is prima facie evidence of the validity of a copyright.").

In order to show that the copyright is invalid, a defendant must prove the invalidity of the copyright by "offer[ing] some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140, 1144 (9th Cir. 2003) (quoting Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir. 1997)). For example, a defendant may attempt to prove that the copyright is invalid because the copyrighted material is not original. See 17 U.S.C. § 102 (providing that copyright protection extends only to "original works of authorship"). "Although the amount of creative input by the author required to meet the originality standard is low, it is not negligible." Satava v. Lowry, 323 F.3d 805, 810 (9th Cir.2003). "[A] combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." Id. at 811.

Here, defendants argue that the Lambert Skull is not original because it is "age-old" and has been featured in celebrations of "Dia de los Muertos" for centuries. In support of this argument, defendants provide evidence that numerous skull logos similar to the Lambert Skull are readily available on the internet. Defendants' Statement of Additional Material Facts ("DSAMF") ¶ 97; Chan Decl., Ex. 11. A subset of the results from an internet search conducted by defendants is provided below:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

FIGURE 3



Plaintiff responds that the Lambert Skull is sufficiently unique from other skull-based designs available in the public domain, such that the Lambert Skull should be deemed original. Reply Pl. Mot. Summ. J. at 5. Plaintiff provides the following exemplars of other skull-based designs resulting from its own internet search:

FIGURE 4



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

Id.; Rothberg Decl. ¶ 3.[2] The designs in the bottom left and top right corners of Figure 4, as well as the bottom right corner of Figure 3, contain floral patterns adjacent to or below the jaw portion of the skull, along with geometric designs on the forehead portion. While the "original selection, coordination, and arrangement of unprotectible elements may be" subject to copyright protection, see L.A. Printex Industries, Inc. v. Aeropostale, Inc., 676 F.3d 841, 849 (9th Cir. 2012), these images are sufficiently similar to the Lambert Skull that a jury could conclude that the Lambert Skull is not original. Thus, due to the existence of conflicting evidence on the issue of originality, the Court finds that this issue is not suitable for resolution at the summary judgment stage. See Vargas v. Pfizer, Inc., 418 F. Supp. 2d 369, 372 (S.D.N.Y. 2005) ("Typically, '[w]hen the originality of a copyrighted work is at issue, it becomes a question of fact for the jury to resolve." (citation omitted)).

      b.      Copying of constituent elements

To prove the copying of constituent elements, a plaintiff must either prove "direct copying," or show that a defendant: (1) had access to the copyrighted material and (2) that the works at issue are "substantially similar." Bernal v. Paradigm Talent and Literary Agency, 788 F. Supp. 2d 1043, 1052 (C.D. Cal. 2010). Regarding access, plaintiff provides evidence that Joystick (now Lambert) exhibited the Lambert Skull at various apparel trade shows, including Coterie ENK New York in 2005 and 2006, as well as Project Las Vegas in 2006. PSUF ¶ 14.[3] However, the only evidence that plaintiff provides regarding defendants' purported access to the Lambert Skull is a statement that plaintiff viewed "videos and other content online showing Defendants' presence" at trade

---

[2] Defendants object to this evidence on the grounds that it lacks foundation. This objection is OVERRULED because Rothberg states in declaration that he personally obtained these images from an internet search.

[3] Defendants object to this evidence on the grounds that it lacks foundation and is hearsay. This objection is OVERRULED because this evidence is derived from the declaration of Judi Lambert, who states that she has personal knowledge of the facts contained therein. Lambert Decl. ¶ 1. Moreover, it is a reasonable inference that Judi Lambert, as president of Lambert Corp. (formerly known as Joystick), has firsthand knowledge of what occurred at various trade shows in which Joystick participated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

shows that took place from 2008 through 2012. Lambert Decl. ¶ 27. Thus, the record contains no evidence that defendants attended trade shows at which the Lambert Skull was displayed, prior to Steve Kim's asserted first use of the LBJC Skull in 2007. See PSUMF ¶ 26. Accordingly, the Court finds that plaintiff has not provided conclusive proof that defendants had access to the Lambert Skull, and that a genuine dispute of material fact therefore exists on that issue.

      Alternatively, plaintiff argues that the Lambert Skull and the LBJC Skull are "strikingly similar," such that plaintiff can prevail on its copyright infringement claim without showing direct evidence of access. "[A] majority of courts that recognize the 'striking similarity' doctrine hold that it is a means of proving access, not that it obviates the need to prove access." Stewart v. Wachowski, 574 F. Supp. 2d 1074, 1099 (C.D. Cal. 2005). Striking similarity exists when two designs "are so much alike that the only reasonable explanation for such a great degree of similarity is that the later [work] was copied from the first." Id. (quoting Gaste v. Kaiserman, 863 F.2d 1061, 1067 n.3 (2d Cir. 1988)). "[S]ummary judgment is not highly favored on questions of . . . similarity in copyright cases." 919 F.2d 1353, 1355 (9th Cir. 1990). Although the Lambert Skull and the LBJC Skull share similar attributes, it is not clear that the "only reasonable explanation" for their similarity is that the LBJC Skull was copied from the Lambert Skull, especially in light of the prevalence of skull-based designs in the public domain, including skull designs incorporating floral patterns. See Figures 3 and 4 infra. In this regard, the designs in the bottom left and top right of Figure 4 contain floral patterns adjacent to or below the jaw portion of the skull, along with geometric designs on the forehead portion. Comparing these patterns to the Lambert Skull and the LBJC Skull, it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

is conceivable that defendants independently created the LBJC Skull. Accordingly, the Court concludes that plaintiff has not established "striking similarity" as a matter of law.[4]

    2.    Defendant's motion

        a.    Laches

Defendants contend that this claim is barred by the doctrine of laches because the delay between plaintiff's discovery of the alleged infringement and its initiation of this action. This argument is foreclosed by the Supreme Court's recent decision in Petrella v. Metro-Goldwyn-Mayer, Inc., --- S. Ct. ---, 2014 WL 2011574 (May 19, 2014). There, the Supreme Court held that "[l]aches . . . cannot be invoked to preclude adjudication of a claim for damages brought within the three-year [statute of limitations]." Id. at *4. Thus, to the extent that plaintiff seeks damages for copyright infringement, laches is unavailable as a defense.[5]

---

[4] Since the Court has denied summary judgment to plaintiff regarding the validity of the copyright and defendants' access to the Lambert Skull, it would be premature for the Court to address whether plaintiff has established that the LBJC Skull and the Lambert Skull are substantially similar. Likewise, it would be premature for the Court to address what remedies are available to plaintiff since the Court finds that material issues of disputed fact preclude summary judgment as to liability. See Duff-Brown v. City and County of San Francisco, 2013 WL 163530, at *7 (N.D. Cal. Jan. 15, 2013) ("Because the Court has denied summary judgment [to plaintiff] as to liability, it need not rule on damages at this time."); Absher Const. Co. v. N. Pac. Ins., 861 F. Supp. 2d 1236, 1254 n.10 (W.D. Wash. 2012) (same). Thus, the Court does not consider whether plaintiff has provided conclusive evidence of damages arising from defendants' alleged copyright infringement.

[5] The Petrella Court also stated that, "in extraordinary circumstances, laches may bar . . . the particular [equitable] relief requested by the plaintiff," and can also "be brought to bear at the remedial stage, in determining appropriate injunctive relief, and in assessing the 'profits of the infringer . . . attributable to the infringement.'" Id. (citing 17 U.S.C. § 507(b)). The record is not sufficiently clear for the Court to determine whether laches should be brought to bear in determining the remedies available to plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

Accordingly, the Court finds that genuine issues of material fact preclude granting summary judgment to plaintiff or defendants on plaintiff's claim for copyright infringement. Moreover, since the Court concludes that genuine issues of material fact exist as to liability, the Court finds that defendants' arguments regarding what remedies are available to plaintiff are better addressed at a later stage in the proceedings. Cf. Duff-Brown v. City and County of San Francisco, 2013 WL 163530, at *7 (N.D. Cal. Jan. 15, 2013) ("Because the Court has denied summary judgment as to liability, it need not rule on damages at this time."); Absher Const. Co. v. N. Pac. Ins., 861 F. Supp. 2d 1236, 1254 n.10 (W.D. Wash. 2012) (same).

### C.   Plaintiff's Claim Under Section 43(a) of the Lanham Act

Section 43(a) of the Lanham Act provides for a civil action against any person who "uses in commerce any word, term, name, symbol, or device" which is likely to "cause confusion . . . as to the origin, sponsorship, or approval of his or her goods." 15 U.S.C. § 1125(a)(1)(A). To prevail on a claim for trademark infringement under this section, a plaintiff must prove: (1) ownership of a valid trademark; (2) use of the mark without its consent; and (3) that such use is likely to cause confusion. Credit One Corp. v. Credit One Financial, Inc., 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009). Even without a valid trademark registration, a trademark infringement plaintiff may still demonstrate superior rights to a trademark by establishing that it was the first user of the mark in commerce. E.g., Glow Indus., Inc. v. Lopez, 252 F. Supp. 2d 962, 980-81 (C.D. Cal. 2002). Such prior use must be "continuous," and not merely "transitory." Dep't of Parks and Recreation v. Bazaar Del Mundo Inc., 448 F.3d 1118, 1126 (9th Cir. 2006).

   1.   Plaintiff's motion

      a.   Plaintiff's ownership of a valid trademark, and defendants' use of the mark without plaintiff's consent

Plaintiff contends that, although the Lambert Skull is not registered as a trademark, it possesses common law trademark rights to it by virtue of having used it in commerce. Additionally, plaintiff contends that these rights are superior to defendants' trademark

---

Moreover, the parties do not address this issue in their respective motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

rights to the LBJC Skull, which was registered on the Principal Register of the United States Patent and Trademark Office on March 10, 2009, with Registration Number 3,585,825. Specifically, plaintiffs contend that they used the Lambert Skull in commerce prior to defendants' asserted first use in 2007, and that they therefore possess common law trademark rights to the Lambert Skull that are superior to defendants' trademark rights in the LBJC Skull.[6] In support of this contention, plaintiff provides evidence that Joystick included the design on "approximately 60% of its men's apparel and on approximately 40% of its women's apparel," Lambert Decl. ¶ 8, and that "Joystick began taking orders for and shipping garments bearing the Lambert Skull to stores in or about 2004 and continued to ship such garments through 2008," id. ¶ 12. Plaintiff also provides documents that it identifies as records of apparel sales, including apparel bearing the Lambert Skull, id. ¶ 17, Ex. B, as well as photographs of apparel bearing the Lambert Skull, which, according to plaintiff, was sold between 2004 and 2007, id. ¶ 18, Ex. C.[7]

Defendants argue that this evidence is not sufficiently conclusive to support granting summary judgment to plaintiff on the issue of prior use, and the Court agrees. While the assertions in the Lambert Declaration, coupled with Exhibits B and C, constitute some evidence that plaintiff used the Lambert Skull in commerce prior to 2007, it is not abundantly clear that the sales records proffered by plaintiff support this assertion. Indeed, plaintiff provides no testimony or other evidence explaining the

---

[6] The parties do not dispute that defendant LBJC used the LBJC Skull without plaintiff's consent, beginning "in or about 2007." PSUMF ¶¶ 26-27; DSGD ¶¶ 26-27.

[7] Defendants object on several grounds to plaintiff's evidence of sales of apparel bearing the Lambert Skull. First, defendants object that Judi Lambert's statements in her declaration, see dkt. #72-1, regarding sales made by the Lambert Corporation lack personal knowledge because she did not personally make the asserted sales. This objection is OVERRULED because Judi Lambert states that she is the president of plaintiff Lambert Corporation, Lambert Decl. ¶ 1, and asserts that she has personal knowledge of the facts contained in her declaration. Defendants also object to the photographs of apparel bearing the Lambert Skull on the grounds that they lack foundation. This objection is also OVERRULED because Judi Lambert states in her declaration that these pictures depict apparel sold between 2004 and 2007. Lambert Decl. ¶ 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

significance or meaning of these sales records, other than the bare assertion that they constitute a "true and correct copy of a report" showing Joystick's sales through the end of 2007. Lambert Decl. ¶ 17. Additionally, the records themselves are not self-explanatory; they contain no internal indicia that they are in fact records of sales of apparel bearing the Lambert Skull. Due to the absence of clear documentary evidence showing plaintiff's prior use the Court finds that a genuine issue of material fact exists as to whether plaintiff used the Lambert Skull in commerce prior to defendants' use of the LBJC Skull. Cf. Wine Group, LLC v. L. and R. Wine Co., 2012 WL 3962500, at *17 (E.D. Cal. Sept. 10, 2012) (denying summary judgment on issue of prior use due to lack of persuasive documentary evidence); Garden of Life, Inc. v. Letzer, 318 F. Supp. 2d 946, 957 (C.D. Cal. 2004) (finding that declaration testimony "unsubstantiated" by "invoices . . . or any other documentation" was not sufficient to establish prior use in the context of a motion for a preliminary injunction).

   b.  Consumer confusion

  The Ninth Circuit applies the eight-factor Sleekcraft test to determine whether a likelihood of confusion exists. 599 F.2d 348-49. The factors are: (1) the strength of the plaintiff's mark; (2) the relatedness or proximity of the goods; (3) the similarity of the marks; (4) evidence of actual confusion; (5) the degree to which the parties' marketing channels converge; (6) the type of goods and degree of care purchasers are likely to exercise in selecting the goods; (7) evidence of the defendant's intent; and (8) the likelihood that the parties will expand their product lines. Id. The factors "should not be rigidly weighed," Dreamwerks Prod. Grp., Inc. v. SKG Studio, 142 F.3d 1127, 1129 (9th Cir. 1998), but are instead "intended to guide the court in assessing the basic question of likelihood of confusion," E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1290 (9th Cir. 1992). The likelihood of confusion test considers whether "the similarity of the marks is likely to confuse customers about the source of the products." Id.

  The Court concludes that disputed issues of material fact exist regarding the strength of the mark, proximity of the goods, evidence of actual confusion, the degree to which the parties' marketing channels converge, and the type of goods and degree of care exercised by purchasers. Accordingly, the Court concludes that the "consumer confusion" element of plaintiff's claim under the Lanham Act is not suitable for determination on a motion for summary judgment. See Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1039 (9th Cir. 2010) (noting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

that "granting summary judgment in cases in which a majority of the Sleekcraft factors could tip in either direction is inconsistent with [the] principle" that "district courts should grant summary judgment motions regarding the likelihood of confusion sparingly").[8]

      Plaintiff first contends that the Lambert Skull is a strong trademark. A mark's strength is based on its conceptual strength and strength in the marketplace. See GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1207 (9th Cir. 2000). Conceptual strength, in turn, depends on the mark's characterization: the strongest marks are "arbitrary" ones and "suggestive" marks; the weakest are "descriptive" and "generic" marks. See Sleekcraft, 599 F.2d at 349. Weaker marks are afforded less protection than strong ones, with generic marks afforded no protection at all. See Matrix Motor Co. v. Toyota Jidosha, 290 F. Supp. 2d 1083, 1091 (C.D. Cal. 2003). In addition, "in situations in which the appearance of the conflicting marks and the services provided are almost identical, the strength of the mark is of diminished importance in the likelihood of confusion analysis." GoTo.com, 202 F.3d at 1208. Here, the Court agrees with plaintiff that the Lambert Skull is conceptually strong because it is arbitrary, i.e., it is "non-descriptive of any quality" of the apparel sold by plaintiff. See Entrepreneur Media, Inc. v. Smith, 279 F.3d 1135, 1141 n.2 (9th Cir. 2002).

      Plaintiff also asserts that the Lambert Skull is commercially strong because plaintiff "sold clothing bearing the mark to high-end national retailers, earning $15,000,000." Pl. Mot. Summ. J. at 22; see also Lambert Decl. ¶ 17. This evidence is not sufficient to establish the Lambert Skull's commercial strength as a matter of law. "Commercial strength is based on 'actual marketplace recognition.'" Network Automation, Inc. v. Advanced Systems Concepts, Inc., 638 F.3d 1137, 1149 (9th Cir. 2011). If plaintiff succeeds in proving that these sales occurred, that proof may support plaintiff's assertion regarding commercial strength. However, as stated in Section IV(C)(1)(a), a genuine issue of material fact exists regarding whether such sales occurred,

---

      [8] Moreover, since the Court concludes that genuine disputes of material fact exist regarding five of the Sleekcraft factors, the Court need not address the parties' arguments regarding defendants' intent, the likelihood that plaintiff will expand, and the similarity of the marks. See Fortune Dynamics, 618 F.3d at 1039.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                         'O'

| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

and whether they represent sales of products bearing the Lambert Skull, or sales of other apparel.

    Regarding the proximity of the goods in the marketplace, the parties do not dispute that the Lambert Skull and the LBJC Skull are both used in connection with the sale of apparel. See Opp. Pl. Mot. Summ. J. at 22. However, the parties dispute whether the goods are sold to the same class of purchasers. See Network Automation, Inc. v. Advanced Systems Concepts, Inc., 638 F.3d 1137, 1150 (9th Cir. 2011) (stating that proximity of goods is measured in party by considering whether the goods are "sold to the same class of purchasers"). In this regard, defendants provide evidence that LBJC's products have never been sold at high-end retailers such as Nordstrom or Neiman Marcus, DSSMF ¶ 78, while plaintiff asserts that Joystick sold garments to "'A' List stores, including Saks Fifth Avenue and Neiman Marcus," PSUMF ¶ 15.

    Next, plaintiff concedes that it possesses no evidence of actual consumer confusion. Finally, plaintiff asserts, without any evidentiary support, that the parties' goods travel in the same or related marketing channels, and that the consumers of the parties' goods do not exercise a high degree of care. However, since plaintiff bears the burden of proving consumer confusion at trial, mere argument regarding these Sleekcraft factors is insufficient to demonstrate that summary judgment is warranted. See, e.g., Flores v. City of San Gabriel, 2013 WL 5817505, at *1 (C.D. Cal. Oct. 29, 2013) ("[W]here the moving party bears the burden of proof at trial, the moving party must present compelling evidence in order to obtain summary judgment in its favor."); Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35 (1st Cir. 1998) ("The party who has the burden of proof on a dispositive issue cannot attain summary judgment unless the evidence that he provides on that issue is conclusive."). Accordingly, the existence of disputed issues of fact regarding five of the eight Sleekcraft factors provides further support for the Court's conclusion that summary judgment should be denied to plaintiff on its claim under the Lanham Act.

    2.    Defendants' motion

        a.    Prior use

    Defendants first argue that summary judgment should be granted on this claim because plaintiff provides no evidence of having used the Lambert Skull in commerce

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

prior to defendants' use of the LBJC Skull.  The Court finds this argument unpersuasive because, as stated in Section IV(C)(1)(a) above, plaintiff provides some evidence that it used the mark in commerce prior to 2007.  While this evidence is not sufficiently conclusive to justify granting summary judgment to plaintiff, it is nonetheless sufficient to create a genuine dispute of material fact that must be resolved by a jury, and not the Court.  See Beighler v. Kleppe, 633 F.2d 531, 533 (9th Cir. 1980) (noting that evidence can be sufficient to defeat summary judgment even if it is "not highly convincing or persuasive").  Relatedly, defendants argue that plaintiff must come forward with documentary evidence of prior use in order to defeat summary judgment, and that declarations alone are insufficient.  This argument fails.  In ruling on a motion for summary judgment, the Court is not permitted to weigh evidence. ConsumerInfo.com, Inc. v. Money Mgmt. Intern., Inc., 374 Fed. Appx. 696, 698 (9th Cir. March 11, 2010).  And, as stated above, Judi Lambert asserts that Exhibit B of her declaration constitutes documentary evidence of sales of products bearing the Lambert Skull prior to 2007.  The reliability or credibility of these assertions is properly determined by a jury.  See id. (reversing district court's grant of summary judgment because district court improperly "weighed evidence" by determining that plaintiff's purported documentation of prior use was "unreliable).

        b.    Abandonment

Abandonment is an affirmative defense to claims under Section 43(a) of the Lanham Act.  See Sutton v. Williamsburg Winery, Ltd., 2013 WL 5348127, at *2 (E.D. Cal. Sept. 23, 2013).  Abandonment consists of: (1) discontinuance of trademark use, with (2) intent not to resume such use.  Electro Source, LLC v. Brandess-Kalt-Aetna Group, Inc., 458 F.3d 931, 935 (9th Cir. 2006).  "Nonuse for 3 consecutive years shall be prima facie evidence of abandonment."  15 U.S.C. § 1127.  A prima facie case of abandonment may be rebutted by showing "valid reasons for nonuse or lack of intent to abandon the mark."  Abdul-Jabbar v. Gen. Motors Corp., 85 F.3d 407, 411 (9th Cir. 1996).  However, this presumption of abandonment cannot be overcome by "simply averring a subjective affirmative 'intent not to abandon.'"  Electro Source, 458 F.3d at 937.

Defendants contend that they have established a prima-facie case of abandonment because it is undisputed that plaintiff has not used the Lambert Skull in commerce since 2007, and plaintiff provides nothing more than conclusory assertions of an intent not to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

abandon. The Court disagrees. As an initial matter, plaintiff provides evidence of use of the Lambert Skull in commerce as late as 2008. See Lambert Decl. ¶ 12 (stating that "Joystick began taking orders for and shipping garments bearing the Lambert Skull to stores in or about 2004 and continued to ship such garments through 2008"). Additionally, plaintiff provides more than mere allegations of a subjective intent not to abandon the Lambert Skull. Rather, plaintiff asserts that, since 2007, she has discussed a "re-launch" with representatives of "high end" retailers, but has not yet executed the re-launch because "the right terms and conditions for doing so have not been determined." Lambert Decl. ¶ 20. This evidence is sufficient to create a genuine dispute of material fact as to whether plaintiff ever intended not to resume use of the Lambert Skull. Cf. Burgess v. Gilman, 316 Fed. Appx. 542, 544 (9th Cir. Sept. 4, 2008) (holding that trademark owner rebutted presumption of abandonment by presenting evidence that it was "actively considering" and "repeatedly reassessing" whether it would resume use of the trademark).

c. Likelihood of confusion

Defendants next argue that plaintiff has not provided evidence of a likelihood of consumer confusion. This argument fails. First, plaintiff provides some evidence, as stated in Section IV(C)(1)(b) above, that the Lambert Skull is a strong mark, and that the parties goods are in close proximity in the marketplace by virtue of their connection to apparel. Moreover, a comparison of the Lambert Skull and the LBJC Skull demonstrates that a jury could reasonably find the two marks to be similar. Compare Figure 1 with Figure 2. Accordingly, genuine disputes of material fact exist as to likelihood of confusion, such that summary judgment is not warranted.

d. Willfulness

Additionally, defendants contend that, to the extent that plaintiff provides evidence that defendants engaged in trademark infringement, such infringement was not willful. The Court finds this argument unpersuasive for substantially the same reason stated in Section IV(B)(2)(b) above, namely, that Judi Lambert viewed videos showing garments bearing the LBJC Skull at a trade show "through at least 2012," and that defendants' website continued to display the LBJC Skull "long after" the lawsuit was filed. This evidence is sufficient to create a genuine dispute of material fact regarding whether defendants willfully infringed plaintiff's common law trademark rights.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

Accordingly, the Court finds that genuine issues of material fact preclude granting summary judgment to plaintiff or defendants as to the issue of liability on plaintiff's claim for trademark infringement. Moreover, as with plaintiff's claim for copyright infringement, the Court finds that defendants' arguments regarding the availability of certain remedies are better addressed at a later stage in the proceedings.

### D.  Plaintiff's Claims for Common Law Unfair Competition and Violation of the UCL

#### 1.  Plaintiff's motion

Plaintiff does not separately argue that summary judgment should be granted on its claims for common law unfair competition and violation of the UCL. Rather, plaintiff argues that summary judgment is appropriate on these claims because they are "substantially congruent" to its claim under the Lanham Act. Reply Mot. Summ. J. at 13. Since the Court finds that summary judgment should be denied to plaintiff on its Lanham Act claim, the Court also finds that summary judgment should be denied as to these claims.[9]

#### 2.  Defendants' motion

Defendants first contend that summary judgment should be granted on plaintiff's common law unfair competition claim because, under California law, such claims are limited to situations in which a defendant has "passed off" his goods as those of the plaintiff's. This argument contradicts the law of the Ninth Circuit, which has "'consistently held that state common law claims of unfair competition . . . are 'substantially congruent' to claims under the Lanham Act.'" Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) (quoting Cleary v. news Corp., 30 F.3d 1255, 1262-63 (9th Cir. 1994)). Similarly, a claim for unfair competition under the UCL is "'substantially congruent' to a trademark infringement claim under the

---

[9] The complaint also asserts a claim for declaratory relief, seeking the cancellation of the '825 Trademark. However, neither defendants nor plaintiff provide any argument as to why summary judgment should be granted on this claim. The Court therefore need not address whether summary judgment should be granted to either party on this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:13-cv-00778-CAS(JCGx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | LAMBERT CORP. V. LBJC INC. ET AL. | | |

Lanham Act." <u>Academy of Motion Picture Arts and Sciences v. Creative House Promotions, Inc.</u>, 944 F.2d 1446, 1457 (9th Cir. 1991). Thus, the Court finds that summary judgment should be denied on plaintiff's claim for common law unfair competition and its UCL claim for substantially the same reasons that summary judgment should be denied on plaintiff's claim under the Lanham Act.

## V. CONCLUSION

In accordance with the foregoing, plaintiff's motion for summary judgment is DENIED. Defendants' motion for summary judgment is also DENIED.

IT IS SO ORDERED.

|  | 00 | : | 37 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |